# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LILIANE HAKIZIMANA | § |
| | §   Civil Action No. 4:20-CV-233 |
| v. | §   (Judge Mazzant/Judge Nowak) |
| | § |
| WELLS FARGO BANK, N.A. | § |
| | § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 30, 2020, the report of the Magistrate Judge (Dkt. #27) was entered containing proposed findings of fact and recommendations that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. #16) be granted.

The Court initially adopted the Magistrate Judge's report and entered a Memorandum Adopting same and Final Judgment on January 29, 2021 (Dkts. #29; #30). Subsequently, the Court received correspondence from Plaintiff Liliane Hakizimana stating she had not received any correspondence from the Court since November 18, 2020, and requesting "adequate time as the court will allow to receive these action documents and prepare proper response as required" (Dkt. #31). The Memorandum Adopting and Final Judgment were withdrawn (Dkt. #32), and Plaintiff was given an additional thirty days to file any objections (Dkt. #33). Plaintiff filed Objections on March 10, 2021 (Dkt. #35). Plaintiff's Objections do not call into question any of the findings by the Magistrate Judge; instead, Plaintiff advances that she would like an opportunity to go to mediation or to have a hearing, to work with Defendant on loan modification, and that she has not received or reviewed the exhibits to Defendant's Motion for Summary Judgment.

Defendant filed a response, requesting the Court adopt the Magistrate Judge's report rather than permit Plaintiff's "dilatory tactic" (Dkt. #36).

Having received the report of the Magistrate Judge, considered Plaintiff's Objections (Dkt. #35) and Defendant's Response (Dkt. #36), and conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

Plaintiff's Objections do not dispute any of the Magistrate Judge's underlying findings. Only objections that are sufficiently specific to focus the district court's attention on the factual and legal issues in dispute must be considered. *Dukes v. Shanklin*, No. 4:19-CV-242, 2020 WL 415718, at *1 (E.D. Tex. Jan. 26, 2020). The Magistrate Judge found that Plaintiff's claims are without merit because there was a timely recission of acceleration prior to the expiration of the statute of limitations and there is no evidence that Plaintiff is current on her mortgage payments. As Defendant aptly points out (Dkt. #36 at p. 2), Plaintiff does not challenge or otherwise disagree with the findings of the Magistrate Judge, and there is nothing in the record to indicate that Plaintiff has evidence to demonstrate a genuine issue of material fact on her claims. *See Paselk v. Bayview Loan Servicing, LLC*, No. 4:13-CV-262, 2015 WL 224781, at *2 (E.D. Tex. Jan. 15, 2015), *aff'd*, 627 F. App'x 392 (5th Cir. 2015). Plaintiff's Objections fail for this reason alone.

Even were that not the case, beginning with Plaintiff's final objection, Plaintiff's statement that she "ha[s] not received or seen throughout this court filing" Defendant's summary judgment

exhibits is contradicted by the record. The Motion for Summary Judgment was filed on September 30, 2020, at a time when Plaintiff was represented by counsel (Dkt. #16). Plaintiff's counsel received the exhibits. Moreover, upon granting Plaintiff's former counsel's motion to withdraw (Dkt. #24), the Court ordered the Clerk of Court to send Plaintiff via certified mail a copy of the Motion for Summary Judgment (Dkt. #25). The postal service reflects delivery of the mail item. In addition, Plaintiff's former counsel informed the Court that Plaintiff was provided a copy of her "file maintained in this case" and informed of her obligation to respond to the Motion for Summary Judgment (Dkt. #22). Further, under the local rules, "the allowance of an oral hearing shall be within the sole discretion of the judge to whom the motion is assigned." Eastern District of Texas Local Rule CV-7(g). The Court can and has resolved the issues without the need for a hearing. In the instant cause, particularly given that Plaintiff has not raised any substantive objections to the findings, a hearing is not necessary. Finally, as to Plaintiff's requests to proceed to mediation and to discuss with Defendant a loan modification, the Court ordered the Parties to participate in mediation in this case on or before October 31, 2020 (Dkt. #15). Such deadline was abated as granting of the motion for summary judgment results in the disposal of Plaintiff's claims in their entirety (Dkt. #23). There are no live disputes remaining to be mediated. In sum, Plaintiff's Objections are overruled.

## CONCLUSION

Having considered Plaintiff Liliane Hakizimana's Objections (Dkt. #35) and Defendant Wells Fargo Bank, N.A.'s Response (Dkt. #36), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #27) as the findings and conclusions of the Court. Accordingly,

It is therefore **ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. #16) is **GRANTED**. Plaintiff Liliane Hakizimana's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED this 26th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE